UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD TANUBAGIJO,<br><br>    Petitioner,<br><br>v.<br><br>DANIEL PARAMO,<br><br>    Respondent. | No. 2:18-cv-02290 MCE CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition based on the failure to exhaust state court remedies. ECF No. 20. Petitioner has filed an opposition which includes a request for a stay and abeyance of the petition. ECF No. 2. Respondent has not filed a reply or an opposition to the motion for a stay. For the reasons outlined below, the undersigned recommends granting respondent's motion to dismiss in light of petitioner's failure to exhaust claim two. The court also recommends granting petitioner a stay and abeyance pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

**I.    Factual and Procedural Background**

Petitioner was convicted following a jury trial in the Solano County Superior Court of Second Degree Murder and Assault on a Child Causing Death. ECF No. 1 at 1-2. He was sentenced to 25 years to life in prison. ECF No. 1 at 1. The California Court of Appeal affirmed

1

his convictions on February 9, 2017. See ECF No. 20-1 at 2-20. The California Supreme Court denied his petition for review on April 26, 2017. ECF No. 20-1 at 61.

On April 18, 2018, petitioner filed the instant federal habeas corpus application raising two claims for relief.[1] Petitioner first alleges that the trial court erred by conducting an inadequate inquiry into jury misconduct and in denying his motion for a new trial based on the purported misconduct. ECF No. 1 at 5. In his second claim for relief, petitioner alleges that he was denied a fair trial when the trial court misinstructed the jury on the order it could consider second degree murder and the lesser included offense of involuntary manslaughter. Id.

Respondent filed a motion to dismiss on October 18, 2018 asserting that claim two is unexhausted because it was not included in the petition for review filed in the California Supreme Court. ECF No. 20 at 2-3. Respondent seeks the dismissal of the entire federal habeas petition as a result. Id. at 3. As an alternative remedy, respondent indicates that petitioner "can always amend the petition to delete the unexhausted claims." Id. (citing Rose v. Lundy, 455 U.S. 509, 520).

In his opposition to the motion to dismiss, petitioner requests a stay and abeyance of his habeas petition in order to exhaust claim two as well as "four additional claims." ECF No. 21 at 2. The four additional claims that petitioner seeks to present to the state court all involve alternative possible causes of death for the victim in this case. Id. at 3. Petitioner asserts that he did not realize that his appellate lawyer dropped claim two from his petition for review in the California Supreme Court because he never received a copy of it. Id. at 1-2. Petitioner requests a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005); Kelly v. Small, 315 F.3d 1063, 1074 (9th Cir. 2002); and, King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).[2] ECF No. 21 at 1.

---

[1] The filing date was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

[2] In Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims; and, (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. This is a more cumbersome procedure than a Rhines stay, but it does not require petitioner to demonstrate good cause for his failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).

## II. Analysis

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

Petitioner's federal habeas corpus application contains an exhausted and unexhausted claim for relief. Accordingly, it is considered a "mixed" federal habeas petition. The court may stay a mixed petition pending exhaustion if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines v. Weber, 544 U.S. at 278. If petitioner fails to establish any of these three factors then a Rhines stay is not appropriate.

Turning first to the good cause factor, the Ninth Circuit Court of Appeal has determined that a petitioner does not have to demonstrate extraordinary circumstances in order to justify a Rhines stay. Jackson v. Roe, 425 F.3d 654, 662 (9th Cir. 2005). Instead, the good cause standard is similar to the good cause standard used to excuse procedurally defaulted federal habeas claims. See Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017); see also Blake v. Baker, 745 F.3d 977 (9th Cir. 2014) (emphasizing that "[w]hile a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust,

---

"[A] petitioner may invoke Kelly's three-step procedure subject only to the requirement that the amendment of any newly-exhausted claims back into the petition must satisfy Mayle [v. Felix, 545 U.S. 644, 650 (2005) and relate back to claims that were exhausted at the time of filing]." King, 564 F.3d at 1143.

3

will.").³ The legal standard for cause to excuse a procedurally defaulted claim boils down to objective factors external to the prisoner. See Murray v. Carrier, 477 U.S. 478, 488 (1986) (emphasizing that to establish cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."). Objective factors external to prisoners has included a lack of access to legal materials and the law library. See Brannigan v. Barnes, 2014 WL 3401449 (E.D. Cal. July 11, 2014) (finding that petitioner "provided adequate evidentiary support for his assertion of good cause based on an inability to access his legal materials and the law library which resulted in his failure to previously exhaust his claims for relief); Tidwell v. Martel, 2011 WL 5041213 (E.D. Cal. Oct. 24, 2011 (issuing a Rhines stay and finding that petitioner had established good cause for his failure to exhaust based on his 7 month stay in administrative segregation which required him to request specific legal materials rather than being granted direct access to the law library).

In this case, petitioner asserts that his failure to exhaust claim two was caused by his appellate lawyer's failure to include it in his petition for review in the California Supreme Court. Petitioner did not know this claim was unexhausted because he never received a copy of the actual petition for review. However, petitioner does not contend that his appellate counsel was ineffective for failing to include claim two in his petition for review. See Wooten v. Kirkland, 540 F.3d 1019, 1024 n. 2 (explaining that "Wooten had not developed any ineffective assistance of counsel argument" under Strickland v. Washington, 466 U.S. 668 (1984)). While there is nothing in the present record that contradicts petitioner's assertion, there is also no evidence supporting his claim either.

A similar reason for failing to exhaust federal habeas claims was used by the petitioner in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), in order to request a stay under Rhines. "Wooten argue[d] that he was 'under the impression' that his counsel had included all the issues raised before the California Court of Appeal in his petition to the California Supreme Court."

---

³ In Blake, the Ninth Circuit concluded that the ineffective assistance of state habeas counsel can constitute "good cause" to support a Rhines stay when it is accompanied by documentary evidence rather than a mere "bare allegation" that counsel was ineffective. Blake, 745 F.3d at 983.

4

Wooten, 540 F.3d at 1021. The Ninth Circuit concluded that petitioner failed to establish good cause for his failure to exhaust based on his impression that his appellate lawyer had included the claim in his appellate briefs. Id. at 1024. The Court reasoned that "endors[ing] such a broad interpretation of 'good cause' that allowed for routine stays of mixed petitions..." would undermine the two purposes of the AEDPA to reduce delays in reviewing state criminal convictions and to streamline federal habeas proceedings. Id. at 1025.

Here, petitioner's good cause argument is the same as that rejected by the Ninth Circuit in Wooten. Additionally, the court notes that petitioner's argument is nothing more than a bare allegation unaccompanied by any evidence suggesting that appellate counsel was ineffective. See Blake v. Baker, 745 F.3d 977 (9th Cir. 2014) (finding that good cause is established when petitioner submits a "reasonable excuse, supported by sufficient evidence, to justify that failure" to previously exhaust state court remedies). Accordingly, based on Wooten and Blake, the undersigned finds that petitioner has not demonstrated good cause for his failure to exhaust claim two. Based on this conclusion, the court finds it unnecessary to address the remaining two Rhines factors.

Petitioner also seeks a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), which does not require petitioner to demonstrate good cause for his failure to exhaust state court remedies. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). However, a Kelly stay runs an even greater risk of preventing review on the merits of any unexhausted claim for relief due to the one-year statute of limitations governing federal habeas claims. See King, 564 F.3d at 1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles."); see also 28 U.S.C. § 2244(d)(1)(stating that a one-year period of limitation shall apply to all federal habeas petitions challenging a state court judgment). Here, there is no indication in any of petitioner's pleadings that he understands the complexity of the timeliness problem that he will in all likelihood encounter with respect to claim two and any additional claims for relief that are not sufficiently related to claim one. However, that is the only

procedure available to petitioner in order to stay these proceedings.  The court expresses no opinion as to whether petitioner's currently unexhausted claim or any additional claims will be timely once exhausted and included in an amended federal habeas petition.

**III.     Plain Language Summary for Pro Se Party**

Since petitioner is acting as his own attorney in this case, the court wants to make sure that this order is understood.  The following information is meant to explain this order in plain English and is not intended as legal advice.

The undersigned is recommending that respondent's motion to dismiss your federal habeas petition be granted because claim two has not been presented to the California Supreme Court.  You have not demonstrated good cause for failing to present this claim to the California Supreme Court so you are not entitled to a stay of your entire federal habeas corpus petition.  However, the undersigned does find that you are entitled to a Kelly stay.   If you disagree with this recommendation you may file "Objections to Magistrate Judge's Findings and Recommendations" within fourteen days and explain why this conclusion is wrong.

If this recommendation is adopted by the district court judge assigned to your case, you will then be required to file a first amended federal habeas petition that does not include the unexhausted claim (i.e. claim two).  The court will then stay and hold the first amended federal habeas petition in abeyance pending the exhaustion of state court remedies with respect to claim two.  Once all claims have been fully exhausted in state court, you will then need to file a motion to amend along with a proposed second amended federal habeas petition that contains the newly exhausted claim(s).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 20) petitioner's federal habeas application be granted based on petitioner's failure to exhaust claim two.
2. Petitioner's request to stay his mixed federal habeas petition (ECF No. 21) pursuant to Rhines v. Weber, 544 U.S. 269 (2005), be denied for lack of good cause shown.
3. Petitioner's request to stay his habeas petition pursuant to Kelly v. Small, 315 F.3d 1063, 1074 (9th Cir. 2002), be granted.

4. Petitioner be ordered to file a first amended federal habeas petition containing only claim one.
5. Upon receipt of a fully exhausted first amended federal habeas petition, the clerk of court be ordered to administratively stay this action pursuant to <u>Kelly</u> pending the exhaustion of claim two in the California Supreme Court.
6. Petitioner be ordered to file a "Notice of Exhaustion" within 30 days of any decision by the California Supreme Court along with a motion to amend his 28 U.S.C. § 2254 petition identifying the newly exhausted claims for relief which he seeks to add.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Dated: March 13, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/tanu2290.mtd&m2stay.docx