UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD TANUBAGIJO,<br><br>Petitioner,<br><br>v.<br><br>DANIEL PARAMO,<br><br>Respondent. | No. 2:18-CV-02290-MCE-CKD<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is petitioner's motion to submit new claims which the court liberally construes as a motion to file a second amended § 2254 petition. See ECF No. 49. On April 8, 2021, the court set a briefing schedule on the motion to amend. ECF No. 49. Respondent filed an opposition and the time for petitioner to reply has expired. Thus, the mater is deemed submitted. For the reasons explained below, the undersigned recommends denying the motion to amend with prejudice.

**I.  Procedural History**

On July 26, 2019, the district court judge adopted the Findings and Recommendations issued on March 13, 2019 and granted petitioner a stay and abeyance pursuant to Kelly v. Small, 315 F.3d 1063, 1074 (9th Cir. 2002). ECF No. 26. Petitioner's first amended § 2254 petition was administratively stayed on October 9, 2019. ECF No. 30. Petitioner was directed to file a status

report every 90 days detailing his efforts to exhaust his state court remedies. ECF No. 30. On June 18, 2020, the court lifted the stay based on petitioner's failure to take any steps to properly exhaust his jury instruction claim in state court. ECF No. 37.

Respondent filed an answer to the first amended § 2254 petition on September 29, 2020. ECF No. 40. Rather than file a reply, petitioner filed a "motion to submit new claims." ECF No. 43. Petitioner seeks to file a second amended § 2254 petition by adding six new claims for relief including challenges to the infant victim's cause of death, a Brady[1] claim involving hidden evidence, prosecutorial misconduct, an ineffective assistance of counsel claim, and a sentencing challenge. ECF No. 43 at 2. "None of the new claims… have ever been adjudicated…." ECF No. 43 at 2. As none of the new claims are properly exhausted, petitioner also requests another stay and abeyance pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). ECF No. 43 at 2. Petitioner does not indicate any efforts he has taken to exhaust these claims in state court.

Respondent opposed the motion to amend because petitioner has been given multiple opportunities to exhaust his claims to no avail, and because the new claims would be untimely even if exhausted.[2] ECF No. 50. By respondent's calculation, petitioner's conviction became final on July 24, 2017, following the expiration of time to seek certiorari review by the Supreme Court. ECF No. 50 at 3. Petitioner's original § 2254 petition containing one exhausted and one unexhausted claim was timely filed on April 25, 2018. ECF No. 50 at 3. However, the one-year statute of limitations expired on July 24, 2018. Id. Respondent contends that the new claims do not relate back to petitioner's only exhausted juror misconduct claim in the original § 2254 petition. Thus, these new claims, even if properly exhausted at this point in time, would be untimely filed. Id. For these reasons, respondent requests the court deny petitioner's motion to amend with prejudice. ECF No. 50.

**II.    Legal Standards**

Under Federal Rule of Civil Procedure 15(a), a litigant may amend his pleadings once as a

---

[1] See Brady v. Maryland, 373 U.S. 83 (1963).
[2] Respondent construes petitioner's motion as seeking to add five new claims because claims two and three seek relief for the same constitutional violation. ECF No. 50 at 1 n. 1.

2

matter of course within 21 days after serving it or within 21 days after a responsive motion is filed. See also 28 U.S.C. § 2242 (providing that a habeas corpus application "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P 15(a)(2). Factors to be considered when ruling on a motion to amend a habeas corpus petition include bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether or not the party has previously amended his pleadings. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Additionally, a one-year statute of limitations applies to all habeas petitions in federal court. See 28 U.S.C. § 2244(d)(1). The statute of limitations generally starts once a state court conviction becomes final at the conclusion of the direct appeal process. See 28 U.S.C. § 2244(d)(1)(A). The limitations period is not tolled from the time when a direct appeal in state court becomes final to the time when a first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). While the statute of limitations is paused during the pendency of any properly filed state habeas corpus petition, the clock does not stop running after a federal habeas petition is filed. See 28 U.S.C. § 2244(d)(2); see also Duncan v. Walker, 533 U.S. 167 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" to be entitled to statutory tolling of the one-year statute of limitations).

This one-year statute of limitations becomes an issue when a federal habeas petitioner seeks to add new claims to his petition long after it has been filed. Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." This rule applies in habeas corpus proceedings. Mayle v. Felix, 545 U.S. 644, 650 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000). In Mayle, the Supreme Court held that relation back is appropriate if the claim to be amended into the petition is tied to the original

timely petition by "a common core of operative facts."  Mayle, 545 U.S. at 664.  Conversely, the claim does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth.  Id. at 650.

### III.  Analysis

In this case, petitioner's conviction became final on July 25, 2017 following the expiration of time to petition the United States Supreme Court for a writ of certiorari.  See ECF No. 40-12 at 154 (California Supreme Court order dated April 26, 2017 denying petition for review); see also 28 U.S.C. § 2244(d)(1)(A).  Based on the one-year statute of limitations, petitioner had until July 25, 2018 to timely file his federal habeas claims.  Thus, the original habeas petition filed on April 18, 2018 was timely. [3]

Over two years later, petitioner filed the pending motion to amend seeking to add new and unexhausted claims for relief.  Petitioner's motion provides no explanation for his delay or failure to previously exhaust these claims in state court.  Even when this court granted petitioner a stay in this case, he did not make any effort to exhaust his state court remedies.  Under these circumstances, the court finds that petitioner has engaged in undue delay in seeking to amend his habeas petition.

An additional factor to be considered when ruling on a motion to amend includes whether the new claims are timely.  In this case, the new claims do not relate back to the jury misconduct claim presented in the original petition.[4]  See ECF No. 1; see also Mayle v. Felix, 545 U.S. 644 (2005) (holding that an amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'").  The new claims are different in both time and type since they concern alternative causes of the victim's death, evidence allegedly hidden by a police detective, prosecutorial misconduct, and a sentencing

---

[3] All filing dates have been calculated using the prison mailbox rule.  Houston v. Lack, 487 U.S. 266 (1988).

[4] The second claim challenging a trial court jury instruction was dismissed as unexhausted on July 26, 2019.  See also ECF No. 22 (Findings and Recommendations).  The pending motion to amend does not include this claim.

4

challenge. There is no logical connection between these new claims and the same transaction and occurrence of jury misconduct. Applying Mayle, the undersigned finds that the new claims do not relate back to the claims in the original petition and are thus untimely since the statute of limitations in this case expired on July 24, 2018.

Because the new claims would be untimely, amending the habeas corpus petition at this juncture would be futile. In light of petitioner's undue delay and the untimeliness of the new claims, the court finds it unnecessary to address the remaining factors to be considered for amending a habeas petition. Accordingly, the undersigned recommends denying petitioner's motion to amend with prejudice.

### IV. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your motion to amend and determined that you unduly delayed in presenting your new claims. Even if amendment was allowed, your new claims would be untimely filed. The undersigned recommends denying your motion to amend with prejudice.

If you disagree with this recommendation, you have 14 days to file a written explanation as to why it is not the correct outcome. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review your objections and make the final decision on your motion.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to submit new claims (ECF No. 43) be denied with prejudice.
2. Petitioner's motion to extend the time to file a second amended petition (ECF No. 51) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 28, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/tanu2290.f&r.newclaims.docx